Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2165 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Chicago Title & Trust Co. vs. Timotijevic; Timotijevic v. FDIC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Order. For the reasons given in the attached memorandum opinion and order, third party defendant FDIC's motions to dismiss [13-1][14-1] are granted. In light of this, plaintiff Chicago Title & Trust's [27-1] and defendant and third party plaintiff Timotijevic's [22-1] cross-motions for summary judgment are denied as moot. Case Terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAR 29 2004 | |
| X | Docketing to mail notices. | | | date docketed | 37 |
| X | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | RJ/KB | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TITLE AND TRUST COMPANY, )
)
    Plaintiff-Counter-Defendant,)
)
v. ) Case No. 02 C 2165
)
VELISLAV TIMOTIJEVIC, ) Judge Joan B. Gottschall
)
    Defendant-Counter-Plaintiff.) Magistrate Geraldine S. Brown
------------------------------------------------)
VELISLAV TIMOTIJEVIC, )
)
    Third Party Plaintiff, )
)
v. )
)
FEDERAL DEPOSIT INSURANCE CORP. )
AS RECEIVER FOR SUPERIOR BANK FSB )
NEAL T. HALLERAN, WILLIAM C. )
BRACKEN, MONTE KURS, NELSON L. )
STEPHENSON, GLEN MILLER, MARC A. )
WEISMAN, STEVEN MANN, WALTER F. )
RUSNAK, and OTHER UNKNOWN )
DEFENDANTS, )
) **DOCKETED**
    Third Party Defendants. ) MAR 2 9 2004

## MEMORANDUM OPINION AND ORDER

### Background

At dispute in this case is payment of a $280,000 cashier's check tendered by defendant Velislav Timotijevic to plaintiff Chicago Title & Trust Co. ("Chicago Title") as part of a real estate transaction on July 25, 2001. The check was indorsed by Timotijevic and drawn on

Superior Bank, FSB (the "Bank"), which was declared insolvent and immediately put into a receivership managed by the Federal Deposit Insurance Corporation ("FDIC") on July 27, 2001. Chicago Title failed to present Timotijevic's cashier's check for payment prior to the Bank's being declared insolvent, and because of the Bank's insolvency, the FDIC suspended Chicago Title's payment on the check.

To recover its $280,000 Chicago Title sued Timotijevic for indorser liability under Illinois state law and also submitted a claim to the FDIC as manager of the Bank's receivership estate. Timotijevic subsequently filed a third party complaint against the Bank,[1] seeking to recover from the Bank any amount for which this court might find him liable to Chicago Title as the check's indorser. Pursuant to federal law governing the distribution of insolvent banks' assets, the FDIC reviewed and ultimately allowed Chicago Title's claim. *See* 12 U.S.C. § 1821. In satisfaction, the FDIC issued a check to Chicago Title for the full insured amount, $209,292.38, and a receiver's certificate[2] for the remaining uninsured amount, $70,846.73, of the $280,000 cashier's check. To date, the FDIC has paid Chicago Title 54.5% of its outstanding uninsured amount.

Now before the court are Chicago Title's motion for summary judgment, Timotijevic's motion for summary judgment, and the FDIC's motions to dismiss. The FDIC

---

[1] As the appointed receiver, the FDIC stands in place of Superior Bank, FSB as defendant to Timotijevic's third party complaint.

[2] A receiver's certificate entitles the holder to share pro rata in any distribution from the receivership estate prior to any distribution to shareholders. It is not a guarantee of payment for the full value of the certificate but is designed to hold the creditor's place in line if funds become available for distribution. *See* 12 U.S.C. §§ 194; 1821(d)(10)(a).

argues in its motions to dismiss that federal law controls this action and through the mandatory administrative review process, it has fulfilled Chicago Title's claim to the fullest extent permitted by the law. Since there are no damages remaining for this court to assess, the FDIC argues, Chicago Title's complaint seeking recovery from Timotijevic, and Timotijevic's complaint seeking recovery from the FDIC, are rendered moot and must be dismissed for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Timotijevic argues in his summary judgment motion that he is in no way liable to either Chicago Title or the FDIC for any portion of the check's value. And Chicago Title insists in its motion for summary judgment that a claim still lies against Timotijevic for indorser liability and that it is entitled to recover from him the amount left unpaid by the FDIC distributions. For the following reasons, FDIC's motions to dismiss the complaints are granted, and Chicago Title's and Timotijevic's cross-motions for summary judgment are denied as moot.

## Discussion

In evaluating a motion to dismiss the court must accept as true all well-pleaded factual allegations and draw all plausible inferences in favor of the plaintiff. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). Dismissal for failure to state a claim is warranted only if the plaintiff can prove no set of facts that would entitle him to relief. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). The complaints in this case essentially seek to recover payment of a cashier's check indorsed and drawn on a bank that was subsequently declared insolvent. The FDIC argues that because it has fully settled Chicago Title's claim for payment on the check through administrative proceedings mandated by 12 U.S.C. § 1821(d), the factual dispute underlying the complaints has been resolved and no further relief can be

granted. In opposing the FDIC's motion to dismiss, Chicago Title argues that the Illinois Uniform Commercial Code establishes the rights and liabilities of parties to a commercial paper transaction like the one in this case and that state law permits Chicago Title to maintain an action against Timotijevic for indorser liability. Because federal and not state law controls the disposition of the cashier's check in this case, the court agrees with the FDIC.

From the moment a federally insured banking institution is declared insolvent and the FDIC is appointed receiver, federal law governs the distribution of the bank's assets. 12 U.S.C. § 1821(c).[3] As receiver, the FDIC is responsible for, among other things, liquidating the bank's assets and paying creditors and depositors in an organized and fair manner. *See* 12 U.S.C. § 1821(d). Further, the declaration of a bank's insolvency not only "trigger[s] the liquidation process," but also "casts in stone the relationship" of creditors to the bank. *FDIC v. McKnight*, 769 F.2d 658, 661 (10th Cir. 1985). *See also American Nat'l Bank v. FDIC*, 710 F.2d 1528, 1540 (11th Cir. 1983); *Rockford Housing Authority v. FDIC*, No. 84 C 6600, 1986 U.S. Dist. LEXIS 16898, at *5 (N.D. Ill. Dec. 4, 1986). In this case it is undisputed that on July 25, 2001, Timotijevic indorsed and tendered a $280,000 cashier's check to Chicago Title and that on July 27, 2001– before Chicago Title presented the check for payment – the Bank was declared insolvent and the FDIC was appointed the Bank's receiver. Thus, on July 27, 2001, Chicago Title's rights vis a vis the Bank were fixed and defined by federal law.

---

[3]Despite the dearth of case law originating from this circuit on this particular issue, the court is confident in finding that federal law controls the fate of the $280,000 cashier's check in this case. *Accord Acevedo v. First Union Nat'l Bank*, 357 F.3d 1244 (11th Cir. 2004). Chicago Title has not provided any case law contradicting this proposition, nor has the court found any by its own research.

-4-

The FDIC avers that it fully complied with federal law when it reviewed Chicago Title's claim for the value of the cashier's check and allowed the claim in full, a fact which is not disputed by either Timotijevic or Chicago Title. Further, Chicago Title concedes that the FDIC paid it in full for the insured portion of the check, issued it a receiver's certificate in full satisfaction of the remainder, and provided payments accounting for about 54% of the uninsured remainder. The FDIC contends that a receiver's certificate is a valid and acceptable manner of payment to a creditor of an insolvent bank, 12 U.S.C. § 1821(d)(10)(a); *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999) ("There is no question that the FDIC may pay creditors with receiver's certificates instead of with cash."), and Chicago Title has not provided any legal authority to contradict this contention. Chicago Title advances only one argument for why this court should find that it is entitled to recover from Timotijevic and that is because Timotijevic is liable as an indorser under Illinois rules for negotiable instruments.

Because federal law controlled the fate of the unpaid cashier's check once the Bank became insolvent, the FDIC assumed liability for paying the check consistent with the statutory provisions of its receivership. When the Bank was declared insolvent, the FDIC converted all of its outstanding and unpaid cashier's checks from negotiable instruments to unclaimed deposits by operation of federal law. *See* 12 U.S.C. § 1813(l)(4). Once that occurred, the cashier's check at issue here was no longer governed by any "special rules" applicable to negotiable instruments and Timotijevic was no longer liable as the check's indorser under Illinois law. *Acevedo v. First Union Nat'l Bank*, 357 F.3d 1244, at *7 (11th Cir. 2004). Had Chicago Title presented the cashier's check for payment prior to the Bank's being declared

insolvent, and had the check been dishonored before the declaration of insolvency, then perhaps Chicago Title would have a claim against Timotijevic. But that is not what happened here.

Chicago Title understandably wishes to recoup all of its losses, even the uninsured portions, from the $280,000 cashier's check, but federal law does not guarantee dollar-for-dollar recovery from an insolvent banking institution. Instead, Chicago Title must face "the harsh reality and consequences of [the Bank]'s insolvency," *McKnight*, 769 F.2d at 662, and accept the terms provided by the FDIC for the satisfaction of its claim.

## Conclusion

For the foregoing reasons, the FDIC's motions to dismiss the complaints are granted, and Chicago Title's and Timotijevic's cross-motions for summary judgment are denied as moot.

ENTERED:

JOAN B. GOTTSCHALL
United States District Judge

DATED: March 25, 2004